# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

SARAI SAMAYOA-SOTO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 5:26-cv-03802-SSS-BFM

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, the Magistrate Judge's Report and Recommendation, and the filed objections.

Only Petitioner filed objections to the Report and Recommendation. While she does not object to the Recommendation that a bond hearing be ordered, she does ask the Court to specify that Respondents should bear the burden of showing changed circumstances by clear and convincing evidence. (ECF 21 at 5.) The Court agrees that the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("[a]t the outset of its decision, the BIA properly noted that the government bore the burden to

established by clear and convincing evidence that [detainee] is a danger to the community"), *id.* at 786 (reiterating that *Singh* found that "due process requires … the government to prove dangerousness or risk of flight by clear and convincing evidence"). *See also Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the Government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause).

The Court therefore accepts the recommendations of the Magistrate Judge as modified to require the Immigration Judge properly place the burden of proof on Respondents.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted as modified;
2. Petitioner's claim is granted insofar as it seeks a bond hearing;
3. Respondents are enjoined from continuing to detain Petitioner unless she is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order, unless Petitioner or Petitioner's representative asks for more time, at which the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public;
4. The remainder of the claim is denied without prejudice;
5. Respondents shall file a status report no later than fourteen days after any order granting this Petition, indicating whether compliance with the order was accomplished; and

///

///

///

///

6. Upon receipt of a status report reflecting compliance, judgment shall be entered.

DATED: September 29, 2026

HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE